[No. F016653. Fifth Dist. Apr. 14, 1992.]

Estate of EARL LESTER BERDROW, Deceased.
STANTON K. BERDROW, as Trustee, etc., Petitioner and Respondent, v.
JENNIFER KOENIG et al., Objectors and Appellants.

## COUNSEL

Westover & Matthews and Pierre E. Auw for Objectors and Appellants.

Thomas, Snell, Jamison, Russell & Asperger, David M. Gilmore and Randolf Krbechek for Petitioner and Respondent.

## OPINION

**THAXTER, J.**—We hold here that a will clause exercising a testamentary special power of appointment by apportioning shares between two appointees, with the apportionment of one appointee's share contingent on his survival of the decedent, is a complete exercise of the power even if that appointee does not survive. Thus, the entire appointive property passes to the other named appointee and none is distributable to the deceased appointee's issue.

### FACTUAL AND PROCEDURAL BACKGROUND

Earl Lester Berdrow (Earl) died testate on September 14, 1964. His surviving widow Martha Berdrow (Martha) was granted a life estate and testamentary special power of appointment over the remainder of the trust property. The power of appointment was "special" because it could only be exercised in favor of the named appointees: Martha's son, Stanton K. Berdrow (Stanton); persons who are the issue of both Stanton and Rosa Berdrow; Martha's grandson, Stephen Berdrow Koenig (Stephen); and Stephen's issue. The decree of final distribution in Earl's probate proceedings filed in Kern County Superior Court on January 6, 1967, provides that if Martha failed to exercise the special power of appointment, the trust

property is to be distributed equally to Stanton and Stephen or any of their issue if either is no longer living.

Martha died testate on March 7, 1991. Martha's will dated November 1, 1985, and codicil dated April 24, 1986, were admitted to probate in Orange County Superior Court on April 18, 1991. Martha's will provides in part as follows:

"ARTICLE FOURTH [¶] I declare that I have a special power to appoint the trust estate of a trust established by the Will of my deceased husband, Earl Lester Berdrow, to or for the benefit of any or all of the following persons: STANTON K. BERDROW, the issue of both STANTON K. BERDROW AND ROSA BERDROW, STEPHEN PAUL BERDROW KOENIG, and the issue of STEPHEN PAUL BERDROW KOENIG. It is my intent to exercise that power and the property subject to that power shall be apportioned into equal shares as follows: One (1) such share for STEPHEN PAUL BERDOW KOENIG, if he survives me, and three (3) such shares for my son, STANTON K. BERDROW, if he or any of the issue of STANTON K. BERDROW and ROSA BERDROW survives me. I give each share so apportioned for a named person who survives me to such person. If my son, STANTON K. BERDROW, fails to survive me, the shares so apportioned for him shall be further apportioned into equal shares as follows: One (1) such share for my granddaughter, NANCY BERDROW, if she or any of her issue survives me, one (1) share for my grandson, JOHN STANTON BERDROW, if he or any of his issue survives me, and one (1) such share for my grandson, MATTHEW SCOTT BERDROW, if he or any of his issue survives me. I give each share so apportioned for a named grandchild of mine who survives me to such grandchild, and I give each share so apportioned for a named grandchild of mine who fails to survive me but who has issue who survive me to such issue."

Martha's will further provides in pertinent part:

"ARTICLE FIFTH [¶] I give the residue of my estate, wherever situated, including all failed and lapsed gifts, to my son, STANTON K BERDROW, if he survives me. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"ARTICLE SIXTH [¶] Except as otherwise specified in this Will, I have intentionally and with full knowledge omitted to provide for my heirs and descendants who may be living at the date of my death or born thereafter. Except as specifically provided in Article Fourth, I have failed to make any provision in this Will for my grandson, STEPHEN PAUL BERDROW KOENIG. . . ."

Stephen predeceased Martha, leaving appellants Jennifer Koenig, Peter Koenig, and Amy Koenig, each a minor, as his surviving issue. Stanton survived Martha.

Stanton filed his petition in Earl's probate proceeding requesting that all the trust property be distributed to him on the grounds that Stephen failed to survive Martha and thus no share of the trust property was to be apportioned to him or his issue. Appellants, through their guardian ad litem, filed objections to the petition requesting that one-eighth of the trust property be distributed to them as alternative takers under the January 6, 1967, final decree of distribution of Earl's estate.

After a hearing, the court denied appellants' objections and granted Stanton's petition in toto. This appeal followed.

## DISCUSSION

■ The respective positions of the parties rest on a determination of whether "Article Fourth" of Martha's will fully exercised the power of appointment granted by Earl's will. Appellants argue that Martha's failure to provide for alternative takers should Stephen not survive her constitutes a failure to exercise the power of appointment as to one-fourth of the appointive property. They further argue that the residuary clause in Martha's will does not affect the appointive property, so the "failed" one-fourth passes under the decree of distribution in Earl's estate pursuant to the provisions of Civil Code[1] section 1389.4, subdivision (b). Appellants claim they are thus entitled to one-eighth (one-half of one-fourth) of the trust estate. Respondent contends "Article Fourth" of Martha's will is a complete exercise of the power of appointment.

In its initial ruling the probate court, relying on Probate Code section 6147, subdivision (c), interpreted Martha's will as indicating an intent contrary to that of the antilapse statute. The court later signed a formal order and decree stating that because Stephen predeceased Martha, "no share of the trust estate was apportioned for him" and ordered the entire trust estate distributed to Stanton. ■ When, as here, there is no conflict in extrinsic evidence, the appellate court is not bound by the construction adopted by the trial court. (*Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839]; *Estate of Russell* (1968) 69 Cal.2d 200, 214-215 [70 Cal.Rptr. 561, 444 P.2d 353].)

The creation and exercise of powers of appointment are governed by section 1380.1 et seq. In "Article Fourth" of her will, Martha expressed an

---

[1]All statutory references are to the Civil Code unless otherwise indicated.

intent to exercise the testamentary special power of appointment conferred upon her by Earl's will. Appellants concede this is Martha's intent. (See also §§ 1385.2; 1386.1, subd. (b).) Martha's express reference to the power evinces a conscious exercise of her power. (See *Estate of Eddy* (1982) 134 Cal.App.3d 292, 300 [184 Cal.Rptr. 521].)

■ As the donee of a special power of appointment, Martha "may appoint the whole or any part of the appointive property to any one or more of the permissible appointees and exclude others." (§ 1387.3.) She may also make the appointment subject to conditions or charges. (§§ 1387.1, subd. (a)(3); 1387.2.)

The language of "Article Fourth" acknowledges the permissible appointees under Earl's will, including Stephen and Stephen's issue. However, it also unambiguously conditions the apportionment of a share of the appointive property to Stephen on his surviving Martha. He did not. Therefore, no share of the appointive property is ever apportioned to him and Martha's will makes no provision for apportionment of any shares for Stephen's issue.

Appellants' argument assumes that on Martha's death the trust estate was to be apportioned into four equal shares, one of which was for Stephen. The argument misconstrues the will's language. The will clearly, and carefully, distinguishes between apportionment and disposition. Apportionment of a share for Stephen was expressly made contingent on his surviving Martha. Because the contingency was not met, the provision calling for apportionment of a share for Stephen never took effect. Thus, the provision by which Martha gave "each share so apportioned" did not apply to Stephen, as no "share" was apportioned to him. Instead, the trust estate was to be apportioned into three equal shares, all of which were then given to Stanton. The dispositive language taking effect on Martha's death affected 100 percent of the trust estate, not just 75 percent as appellants assume.

■ Appellants' reliance on section 1389.4[2] is misplaced. We do not read that section as applying when apportionment of a share of the estate is expressly contingent, whether the contingency relates to the appointee's

[2]Section 1389.4 provides:

"(a)  Except as provided in subdivision (b), if an appointment by will or by instrument effective only at the death of the donee is ineffective because of the death of an appointee before the appointment becomes effective and the appointee leaves issue surviving the donee, the surviving issue of such appointee shall take the appointed property in the same manner as the appointee would have taken had the appointee survived the donee except that the property shall pass only to persons who are permissible appointees, including those permitted under Section 1389.5. . . .

"(b)  This section does not apply if either the donor or donee manifests an intent that some other disposition of the appointive property shall be made."

survival or some other fact. The section clearly would apply if Martha had unconditionally appointed a specified share of the trust estate to Stephen, but even in that event appellants would not prevail because of the provisions of section 1389.4, subdivision (b). Martha clearly manifested an intent that some disposition of the appointive property, other than to appellants, be made.

■ "Article Fifth" of her will provides that any failed or lapsed gifts are to pass to Stanton. Since Stephen did not survive Martha, his share of the appointive property, if any, fails and passes to Stanton under the residuary clause. While appellants correctly assert that the residuary clause of a will which does not manifest an intent to exercise a power of appointment (see § 1385.2) cannot be read as an exercise of the power, Martha expresses her intent to and does exercise her power of appointment in "Article Fourth." This is sufficient. All parts of a will are to be construed in relation to each other. (Prob. Code, § 6161.) The residuary clause merely provides for distribution of any failed gifts; it is not an attempt to exercise the power of appointment.

The provision in Earl's will relied on by appellants is not applicable unless Martha fails to exercise her power of appointment. Martha's will fully exercised her power over the appointive property.

■ The fact that Martha expressly identified alternative takers for Stanton's share defeats appellant's argument that Martha "overlooked" the need to do so for Stephen's share. Martha knew how to provide for an alternative distribution of Stephen's share had she wanted to do so. The clear import of her failure to do so is that she wanted to condition Stephen's share of the appointive property on his survivorship and exclude his issue from taking in his stead. This was within her prerogative as the donee of a special power of appointment and within the limits of the power granted her under Earl's will.

Further evidence that Martha did not "overlook" Stephen's issue is found in "Article Sixth" of her will in which she specifies her intent to limit any gift to Stephen under the will to those gifts "specifically provided in Article Fourth." Martha's intent was to limit Stephen's gift to the clear and unambiguous language of "Article Fourth"—there was no oversight. The testator's intent is paramount when interpreting a will. (Prob. Code, § 6140, subd. (a).) Earl gave Martha her power of appointment; Martha clearly wished to limit Stephen's gift.

The trial court properly rejected appellants' argument and ordered distribution to Stanton.

## DISPOSITION

The judgment (order disallowing objections, appointing successor trustee, terminating trust, and decree of final distribution) is affirmed. Costs to respondent.

Best, P. J., and Stone (W. A.), J., concurred.